IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| RAW FILMS, LTD<br>Plaintiff, | *<br>*<br>*<br>*<br>* |  |
| v. | *<br>* | Civil Action No. 12-cv-00090-AW |
| DOES 1 – 8,<br>Defendants. | *<br>*<br>*<br>* |  |

*****************************************************************************

**<u>Memorandum Opinion</u>**

Plaintiff Raw Films, Ltd. filed this action against 8 John Doe defendants for copyright infringement. Pending before the Court is a motion by Doe 1 to dismiss or sever for misjoinder and to quash the subpoena. *See* Doc. No. 8. Because Doe 1 has not filed a timely reply, this motion is currently ripe for review. The Court has reviewed the movant's motion, and for the reasons set forth below, it is denied.

## I.    FACTUAL & PROCEDURAL BACKGROUND

On January 10, 2012, Plaintiff Raw Films, Ltd. ("Raw Films") filed this Complaint against 8 John Doe Defendants alleging that Defendants used a file-sharing protocol called BitTorrent to illegally infringe Plaintiff's copyrights in a pornographic motion picture. Plaintiff claims to know the Internet Protocol address ("IP address") of each infringing defendant, but not their real names, addresses, or other identifying information. The entity that possesses information linking an IP address to real identifying information is the Internet Service Provider ("ISP") for that IP address. ISPs, such as Comcast or Verizon, maintain temporary internal logs

that record the date, time, and customer identity for each IP address serviced by that ISP.  On January 11, 2012, the Court granted Plaintiff's Motion to Expedite Discovery prior to the Rule 26(f) conference, enabling Plaintiff to conduct limited discovery on the ISPs that service the allegedly infringing IP addresses so that Plaintiff can discover the identity of the defendants and serve them with process.  *See* Doc. No. 5.

Since the Court's order permitting such discovery, the ISPs have provided their subscribers with notice of the subpoena.  As a result, John Doe 1 whose contact information has been subpoenaed has filed a motion with the Court seeking to dismiss or sever for misjoinder and to quash the subpoena and prevent the ISPs from turning over his identifying information.  *See* Doc. No. 7. Specifically, Doe 1 contends that Defendants are not properly joined under Federal Rule of Civil Procedure 21, and that the subpoena burdens and harasses Doe Defendants and should be quashed pursuant to Federal Rule of Civil Procedure 45(c)(3)(A)(iv).  Additionally, Doe 1 argues that the subpoena infringes on his privacy and First Amendment interests, and that Plaintiff has not alleged sufficient facts to support its assertions that the motion picture is not a "United States work" subject to the statutory registration requirements of 17 U.S.C. § 411(a).

III.    ANALYSIS

    A.    <u>Motion to Dismiss or Sever for Misjoinder</u>

Defendant argues that the Does are not properly joined under Federal Rule of Civil Procedure 21 and that Does 2-8 should accordingly be dismissed or severed from the instant action.  As an initial matter, the Court notes that there is a wealth of case law in other federal district courts supporting joinder in similar cases.  *See*, *e.g.*, *Call of the Wild Movie, LLC v. Does 1-1062*, 770 F. Supp. 2d 332, 342-32 (D.D.C. 2011) (finding joinder proper in a similar case

involving over 1,000 Doe Defendants); *Donkeyball Movie, LLC v. Does 1-171*, Civ. No. 10-1520(BAH), 2011 WL 1807452, at *4–*5 (D.D.C. May 12, 2011) (same); *West Coast Prod., Inc. v. Does 1-5829*, Civ. No. 11-57(CKK), 2011 WL 2292239, at *5–*6 (D.D.C. Jun. 10, 2011) (same).

However, courts have also found joinder inappropriate in similar cases. *See Pac. Century Int'l, Ltd. v. Does 1-101*, No. C 11-02533 DMR, 2011 WL 2690142 (N.D. Cal. Jul 8, 2011) (severing all defendants but one due to lack of evidence that defendants were part of the same "swarm" in uploading the same initial files of a given work); *see also Patrick Collins v. Does 1-58*, No. 3:11-cv-531(JAG) (E.D. Va. Oct. 13, 2011) ("The mere allegation that the defendants have used the same peer-to-peer network to copy and reproduce the Work—which occurred on different days and times over a span of two months—is insufficient to meet the standards to joinder set forth in Rule 20.").

Permissive joinder is governed by Federal Rule of Civil Procedure 20, which provides that:

> Persons … may be joined in one action as defendants if: (A) any right to relief is asserted  against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).  Many courts have determined that all "logically related" events underlying a legal cause of action are generally considered as comprising a transaction or occurrence.  *See*, *e.g.*, *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974).  The Court may sever improperly joined parties at any time, as long as the severance is on just terms and the entire action is not dismissed outright.  Fed. R. Civ. P. 21.  However, "the impulse is toward the broadest possible scope of action consistent with fairness to the parties and joinder of

claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).  Considering the two requirements for permissive joinder under Federal Rule 20(a)(2) as they apply to the instant action, the Court finds that at this procedural juncture, joinder of the putative Defendants is proper.

The first requirement of permissive joinder is that claims "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). Doe 1 argues that Plaintiff is attempting to join several individuals without alleging any coordinated action between the Defendants or any right to relief that arises out of the same transaction.  Additionally, Doe 1 argues that there is no alleged or implied relationship between the Doe Defendants and that the Complaint contains no allegation that any two Defendants acted in concert or otherwise conspired against Plaintiff.

These contentions largely ignore the allegations in the Complaint.  Plaintiff alleges that each Defendant peer member participated in the same "swarm" of BitTorrent users that illegally uploaded and downloaded Plaintiff's copyrighted movie.  *See* Compl. ¶¶ 31, 32.  Additionally, Plaintiff contends that it has only sued Defendants in the exact same swarm, *i.e.*, Defendants who participated in downloading or transmitting the same unique version of Plaintiff's movie.  *Id.* at ¶ 32.  Plaintiff explains that such identification is possible through the use of forensic software which identifies the Doe Defendants' IP Addresses as having a unique cryptographic "Hash Number" which serves as a digital footprint.  *See id.* ¶¶ 37, 38.

Defendant alludes to the fact that this swarm involved possibly thousands of other online users from across the country.  Even though Plaintiff is suing only a small portion of the swarm, however, the Court finds that Plaintiff has sufficiently alleged that the putative Defendants used the same file-sharing device, in the same region, and within a roughly the same time period, to

copy the same version of Plaintiff's movie. Although the downloads in this case occurred over a span of four months, suggesting that the Does were not downloading the copyrighted movie at the exact same time, Plaintiff has adequately alleged that each download directly facilitated the others in such a way that the entire series of transactions would have been different but for each of Defendants' infringements. As such, Plaintiff has sufficiently shown a logical relationship between the series of individual downloads by Defendants. Although Defendants may be able to rebut these allegations once the Court becomes aware of their identities and individual defenses, at this stage Plaintiff has adequately satisfied the first prong of permissive joinder.

The second prong of the permissive joinder test, Federal Rule 20(a)(2)(B), requires that Plaintiff's claims against Defendants contain common questions of law or fact. Plaintiff meets this requirement in the instant action because it asserts identical claims against the Doe Defendants. Although Defendants will necessarily present different factual issues and legal defenses at a later stage in the litigation, the commonality of legal claims at this time supports joinder. Additionally, the interests of judicial efficiency also weigh in favor of joining these claims, and doing so may be more beneficial for the Doe Defendants. *See London-Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 161 (D. Mass. 2008) (finding that consolidating a group of similar cases "ensures administrative efficiency for the Court, the plaintiffs, and the ISP, and allows the defendants to see the defenses, if any, that other John Does have raised."). Moreover, joinder serves Plaintiff's interests by providing it with an effective tool to protect its motion picture from copyright infringement. Accordingly, the Court finds that joinder is proper and accordingly declines to sever or dismiss the Does on that basis.

      B.      Motion to Quash Subpoenas

Additionally, Doe 1 seeks to quash the subpoena issued to the ISPs seeking information about the Doe Defendants. Defendant contends that the subpoena burdens and harasses him and should be quashed pursuant to Federal Rule of Civil Procedure 45(c)(3)(A)(iv). Rule 45 provides that pursuant to a timely motion, the issuing court must quash or modify a subpoena that, *inter alia*, "subjects a person to undue burden." In the instant action, the Court permitted Plaintiff to serve subpoenas on ISPs so that Plaintiff may identify the Doe Defendants responsible for the alleged infringement. Such identification is necessary so that Plaintiff may pursue these actions and enforce its legal rights to distribute its pornographic motion picture by obtaining a remedy against infringers. Defendant's argument that the subpoena presents an undue burden is unavailing because the subpoena is directed toward the ISPs and not the Doe Defendants and accordingly does not require them to produce any information or otherwise respond. Accordingly, the Court denies Defendant's motion to quash the subpoena on this ground.

      C.     <u>Privacy and First Amendment Interests in Contact Information Associated with IP Address</u>

Doe 1 contends that if his contact information is provided pursuant to the subpoena, his privacy and First Amendment interests will be impinged on. As this Court noted in a similar case, however, any privacy interest contained in contact information associated with one's IP address is "minimal at best." *Third Degree Films, Inc. v. Does 1-108*, Civ. No. DKC 11–3007, 2012 WL 669055, at *2 (D. Md. Feb. 28, 2012) (citations omitted). "[C]ourts have routinely held that a defendant's First Amendment privacy interests are exceedingly small" where the conduct in question is the subject of a copyright infringement action. *Id.* (quoting *W. Coast Prods., Inc. v. Does 1-5829*, 275 F.R.D. 9, 14 (D.D.C. 2011)). Accordingly, the Court declines

to quash the subpoena on the ground that it impinges on Doe 1's privacy and First Amendment interests.

        D.      <u>Failure to Meet the Statutory Registration Requirements of 17 U.S.C. § 411(a)</u>

Title 17 of the United States Code, section 411(a), states in relevant part that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). Plaintiff alleges, however, that it is not a "United States work" because "one or more of the authors of the copyrighted work is a national or domiciliary of a treaty party, the work was first published in a foreign nation that is a treaty party, and the work qualifies as a sound recording that was first fixed in the territory of a treaty party." Compl. ¶ 11. Where a copyrighted work has been authored in a foreign country covered by an applicable Convention, no proof of registration of the copyright is required under § 411(a). *Jose Armando Bermudez & Co. v. Bermudez Int'l*, No. 99 Civ. 9346(AGS), 2000 WL 1225792, at \*10 (S.D.N.Y. Aug. 29, 2000).

Doe 1 contends that Plaintiff has not alleged sufficient facts to support its assertions that the motion picture is not a "United States work" subject to the requirements of § 411(a), since Plaintiff does not allege the date of the motion picture's publication, its country or countries of publication, whether it was simultaneously published in any other country, or any other facts regarding the creation or publication of the motion picture. The Court disagrees that Plaintiff must bolster its factual allegations at this stage of the litigation. Plaintiff has alleged that it is a UK corporation and that its motion picture was created within a territory of a treaty party. Development of the discovery record will reveal more specific facts regarding the creation and

publication of the motion picture, but at this stage in the proceedings, Plaintiff has sufficiently alleged that it is not subject to the statutory registration requirements of § 411(a).

## IV.   CONCLUSION

For the foregoing reasons, Defendant's motion is denied. A separate order will follow.

<u>April 23, 2012</u>                                                      <u>          /s/                              </u>
        Date                                                                          Alexander Williams, Jr.
                                                                                        United States District Judge